UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WALTER MOISES PINEDA FUENTES,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-1391-CCB-SJF

**OPINION AND ORDER**

Immigration detainee Walter Moises Pineda Fuentes, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. (ECF 1.) For the reasons stated below, the petition is granted, and the Warden is ordered to release him forthwith.

Mr. Pineda Fuentes is a citizen of El Salvador who entered the United States without inspection. He asserts, without contradiction by the government, that he came here in 2014 seeking asylum and has been living in the United States since that date. (ECF 1 at 5.) He was taken into custody by Immigration and Customs Enforcement (ICE) agents in Pennsylvania on September 7, 2026, following a stop by local law enforcement for a traffic violation.[1] (ECF 6-1 at 6.) He was then transferred to Miami Correctional Facility pending the outcome of his removal proceedings. (ECF 1 at 3.) He asserts that the

[1] Immigration records reflect that Mr. Pineda Fuentes has no criminal history other than an arrest for simple assault in New Jersey in 2024. (ECF 6-1 at 6.) He has submitted documentation showing that no charge was ever filed against him based on that arrest. (ECF 7-1.)

government has not given him an opportunity for bond because it views him as subject to mandatory detention. (*Id.*) He argues that his arrest and detention violates applicable statutes and the Due Process Clause of the Fifth Amendment. (*Id.* at 11-13.)

In an order to show cause, the court directed the Warden to address the petition in light of *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026), and other cases concluding that the detention of noncitizens who are arrested within the interior of the United States is governed by 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(2). (ECF 2.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Warden filed an answer (ECF 6), and Mr. Pineda Fuentes filed a reply (ECF 7).

As noted in the order to show cause, the Seventh Circuit recently joined a number of other courts in holding that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements."[2] *Cirrus Rojas,* 183 F.4th at 915; *see*

---

[2] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The First, Second, Third, Fourth, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Guerrero Orellana v. Moniz*, 188 F.4th 1 (1st Cir. 2026); *Buele Morocho v. Warden,* ___F.4th___, 2026 WL 2546223 (3d Cir. Aug. 28, 2026); *Lopez Garcia v. Guadian*, ___F.4th___, 2026 WL 2661092 (4th Cir. Sept. 10, 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026); *Santillan Quiroz v. Mullin,* 180 F.4th 1226 (10th Cir. 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Supreme Court recently granted certiorari in the Second Circuit case. *Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

*also De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). In light of this decision, the Warden concedes that Mr. Pineda Fuentes' detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). (ECF 6.) The Warden acknowledges that noncitizens detained under § 1226(a) are entitled to an individualized bond hearing, but argues that Mr. Pineda Fuentes did not exhaust his administrative remedies related to a bond request. ( *Id* at 2.) The Warden argues that the petition should be denied on that ground. (*Id.*) In reply, Mr. Pineda Fuentes argues that the Warden's exhaustion argument ignores the fact that there was no warrant for his arrest, which is a precursor to detention under 8 U.S.C. § 1226(a). (ECF 7.) He argues that the government's failure to produce a warrant issued in accordance with 8 U.S.C. §1226(a), or to prove that his warrantless arrest was authorized by 8 U.S.C. § 1367, means that he must be released from custody. (*Id.*)

The Warden concedes that 8 U.S.C. § 1226 applies. (ECF 6.) That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). Here, the Warden does not argue that there was a warrant or produce one, despite being ordered to provide "any. . . administrative warrant issued for [Mr. Pineda Fuentes'] arrest pursuant

to 8 U.S.C. § 1226(a)" in the show cause order. (ECF 2 at 4.) The immigration records provided by the Warden also do not suggest that an administrative warrant was obtained at the time of the arrest. Instead, records reflect that Mr. Pineda Fuentes was simply "transported to the York [ICE Enforcement and Removal] office" by local law enforcement after they stopped him for a traffic violation.[3] (*See* ECF 6-1 at 5-6.) There is no basis in the record to conclude that the government complied with § 1226(a) in detaining Mr. Pineda Fuentes.

Warrantless arrests are permitted by statute only when certain conditions are met, such as where an ICE official personally witnesses the noncitizen attempting to enter the United States, or where an official has reason to believe a noncitizen has no right to be in the United States and is "likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a). The Warden does not attempt to show that any conditions authorizing a warrantless arrest were present at the time of Mr. Pineda Fuentes' arrest. (*See* ECF 6.) The government has not shown compliance with the statutory prerequisites for detaining Mr. Pineda Fuentes. The court concludes that he is entitled to release from custody as the removal process unfolds, or until the government pursues other options available to it.[4]

---

[3] One record produced by the Warden asks for the "Arrest Method," and an immigration official wrote, "287(g) Program," which is a provision of the INA allowing for partnerships between ICE and state, local, and tribal law enforcement agencies. *See generally* 8 U.S.C. § 1357(g); *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 296 F. Supp. 3d 959, 970 (S.D. Ind. 2017). The form also asks for the name of the Warrant Service Officer, and an official wrote, "N/A." (ECF 6-1 at 5.)

[4] Because the court concludes that Mr. Pineda Fuentes' detention is unlawful under the applicable statutory scheme, the court does not reach his alternate argument under the Fifth Amendment Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").

For these reasons, the court:

(1) **GRANTS** the petition for a writ of habeas corpus (ECF 1) and **ORDERS** the Warden to immediately release Walter Moises Pineda Fuentes from custody and to certify compliance with this order by filing a notice with the court on or before **October 13, 2026**;

(2) **DIRECTS** the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction.

SO ORDERED on October 9, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT